UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALEXIS AMACKER,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON AND JOHNSON,<br><br>Defendant. | Case No. 16-cv-00851-DMR<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING CASE WITH LEAVE TO AMEND; AND SEALING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |
|---|---|

Plaintiff Alexis Amacker filed a Complaint [Docket No. 1] and Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 2] on February 19, 2016.  The court grants the IFP Application and dismisses the complaint with leave to amend.[1]

## I. DISCUSSION

A. **IFP Application**

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the IFP Application.

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the plaintiff has consented [Docket No. 5] but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

B.   **Review of Complaint**

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to Section 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. As such, "[a] court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Id.* (citing *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)). A complaint is frivolous for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989). In addition, a complaint fails to state a claim on its face where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

In this case, Plaintiff's thirty-nine page complaint is incomprehensible, and Plaintiff asserts few, if any, discernible facts. The complaint names Johnson and Johnson as the defendant, but fails to state the basis of his suit or any alleged wrong. Plaintiff's Complaint contains no allegations, narrative, or legal argument for the basis for his claim. His Complaint consists solely of a collection of thirty-nine pages of documents with no explanation. These documents include letters from the law firm of McGlynn, Glisson & Mouton addressed to Plaintiff and Mrs. Caroyln Cooper with "Fraud Company Crooked Fake" handwritten across the front, a handwritten page of

numbers that appear to be case numbers for actions in the United States District Court for the Southern District of California, a medical assessment for an unidentified patient with diagnoses of schizophrenia, handwritten pages of notes about scams and fraud including mentions of cases filed against Johnson and Johnson, some of Plaintiff's medical records, photos of a man without a shirt, website printouts about Risperidone, a retainer agreement and power of attorney Plaintiff signed with a Kevin P. Tauzin, A Professional Law Corporation, in December 2015 for a suit arising out of Risperdol, an accompanying client interview sheet, protected health information release, and a questionnaire.  Plaintiff does not explain the significance of any of the documents or connect them to the Defendant or to any claim.  In sum, Plaintiff states no facts in support of a cause of action under any statute, nor does he provide any facts suggesting that this court has jurisdiction over his complaint.  Nor does Plaintiff provide any information about why venue in the Northern District of California is appropriate.  It appears that Plaintiff is a citizen of Louisiana and many of the documents submitted pertain to events that occurred in Louisiana.

The court therefore dismisses the complaint with leave to amend.  **By no later than March 31, 2016,** Plaintiff may file an amended complaint that addresses the deficiencies noted in this order.  Specifically, Plaintiff must clearly plead a specific cause or causes of action, state facts which support each cause of action, and allege facts connecting Defendant to the conduct of which he complains.  Failure to file an amended complaint by March 31, 2016 may result in dismissal of the complaint without prejudice for failure to prosecute.

## II. SEALING OF THE COMPLAINT

Plaintiff's complaint contains sensitive information, including his social security number, medical records, and attorney-client communications.  In an excess of caution, because Plaintiff is pro se and may not fully understand the consequences of filing such documents in the public record, the court seals the thirty-nine pages of the complaint without prejudice to unsealing the pages at a future date if appropriate.

//

//

//

3

### III.     CONCLUSION

For the reasons above, the court **grants** Plaintiff's IFP Application and dismisses the Complaint with leave to amend by **March 31, 2016**.

The clerk is directed to file Plaintiff's complaint [Docket No.1] under seal.

**IT IS SO ORDERED.**

Dated: March 16, 2016

_____
DONNA M. RYU
United States Magistrate Judge